JAMES C. NIELSEN (111889)
 jnielsen@nielsenhaley.com
TUNG KHUU (221381)
 tkhuu@nielsenhaley.com
NIELSEN, HALEY & ABBOTT LLP
100 Smith Ranch Road, Suite 350
San Rafael, California 94903
Telephone: (415) 693-0900
Facsimile: (415) 693-9674

Attorneys for Plaintiff,
Mesa Underwriters Specialty Insurance Company

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>APEEL TECHNOLOGY, INC.; ALLERGAN, INC.; LOS CARNEROS BUSINESS PARK L.P.; MERIDIAN GROUP REAL ESTATE MANAGEMENT, INC.; RYAN KAUFMAN,<br><br>Defendants. | No. _____<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>(DEMAND FOR JURY TRIAL) |

Plaintiff Mesa Underwriters Specialty Insurance Company ("Mesa") complains against Defendants, Apeel Technology, Inc., Allergan, Inc., Los Carneros Business Park L.P., Meridian Group Real Estate Management, Inc., and Ryan Kaufman as follows:

1. The court has original jurisdiction over this action under 28 U.S.C. §1332 because it is a civil action between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000. The court further has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, because Plaintiff Mesa seeks a judgment declaring that it owes no duties under its general liability insurance policy to defend or indemnify any of the defendants in connection with an underlying lawsuit, as alleged more fully below.

2. Venue is proper in this court under 28 U.S.C. §1391(b)(1) and (2) because many of the defendants are residents of this district, and because a substantial part of the events or omissions giving rise to the underlying claim occurred in this district.

3. Plaintiff was incorporated in the state of Oklahoma in 1979. In 2012, plaintiff changed its name from Montpelier U.S. Insurance Company to Mesa Underwriters Specialty Insurance Company and redomiciled in the state of New Jersey. Mesa's principal place of business is in Branchville, New Jersey.

4. Defendant Apeel Technology, Inc. ("Apeel") was incorporated in Delaware with its principal place of business in Goleta, California.

5. Defendant Allergan, Inc., was incorporated in Delaware with its principal place of business in Irvine, California. The California Secretary of State website currently identifies both "entity address" and "entity mailing address" of Allergan, Inc. as 2525 Dupont Drive, Irvine, CA 92612. Allergan, Inc., has stated in its latest Statements of Information filed with the California Secretary of State, dated May 18, 2018 and May 31, 2018, that its "STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE" is 2525 Dupont Drive, Irvine, CA 92612. Allergen, Inc.'s most recent complaint filed in this Court (Case no. 2:17-cv-03377-JFW-SK; Doc. No. 6) likewise alleged that Allergan, Inc., is a corporation organized and existing under the laws of the State of Delaware with a place of business at 2525 Dupont Drive, Irvine, California 92612. In that action, Allergan, Inc., disclosed that

Allergan, Inc., is a wholly owned subsidiary of an Irish company, Allergan plc, that Allergan, Inc., was acquired by Actavis plc in March 2015, and that following acquisition, Actavis plc was renamed Allergan plc.  (Case no. 2:17-cv-03377-JFW-SK; Doc. No. 9.)

6. Defendant Los Carneros Business Park L.P. ("Los Carneros Business Park") is a California limited partnership with its principal place of business in Santa Barbara, California.  Los Carneros Business Park has one general partner, Hurst Enterprises, Inc., which is a California corporation with its principal place of business in Montecito, California.  Mesa is informed and believes, and on that basis alleges, that Los Carneros Business Park has no limited partners that are citizens of either Oklahoma or New Jersey.

7. Defendant Meridian Group Real Estate Management, Inc., ("Meridian") was incorporated in California with its principal place of business in Santa Barbara, California.

8. Defendant Ryan Kaufman is, and at all relevant times was, a citizen of California.

9. On July 12, 2017, Ryan Kaufman filed a lawsuit styled *Ryan Kaufman v. Apeel Technology, Inc. et al.*, in the Santa Barbara County Superior Court, case no. 17CV03060 (the "*Kaufman* action"), seeking damages in excess of $10 million for work-related bodily injuries he suffered on June 1, 2017, while installing security video cameras on the outside of a building located at 71 S. Los Carneros Road, Goleta, California.  Without admitting the truth of the allegations therein and solely for purposes of setting out the nature of its allegations, the *Kaufman* complaint alleges causes of action for premises liability, general negligence, products liability, and negligence per se.  The *Kaufman* complaint initially named Apeel (erroneously sued as "Apeel Services Inc."), Southern California Edison, and Allergan, Inc., as defendants.  Los Carneros Business Park, Meridian, and other entities were later added as defendants in the *Kaufman* action through "Doe"

amendments.

10. Mesa is informed and believes, and on that basis alleges, that, in the *Kaufman* action, Ryan Kaufman alleges the subject building located at 71 S. Los Carneros Road was at times owned by Los Carneros Business Park and managed by Meridian. Los Carneros Business Park leased the building to Allergan, Inc. Allergan, Inc., in turn subleased the building to Apeel. Apeel then contracted with CV Enterprises, Inc., dba CompuVision and Vision Communications ("CompuVision") to install outside security and monitoring video cameras for the building. At the time of the accident, Ryan Kaufman was an employee of CompuVision and was working for CompuVision to install security video cameras on the building for Apeel.

11. Mesa issued to Apeel as named insured commercial insurance policy number MP0004008010478, effective for the policy period of February 16, 2017, to February 16, 2018. The Mesa policy afforded commercial general liability coverage under form CG 00 01 04 13, subject to a per-occurrence limit of liability of $1 million. The policy provided that Mesa would pay those sums that the insured was legally obligated to pay as damages because of "bodily injury" but had no duty to defend the insured against any suit seeking damages that were not covered by the policy. The policy included an endorsement under form CG 20 11 04 13 that extended additional insured status to Allergan, Inc., Los Carneros Business Park, and Meridian with respect to liability arising out of the ownership, maintenance, or use of that part of the premises leased to Apeel, subject to additional terms and conditions.

12. The Mesa policy's commercial general liability coverage was modified by an exclusion endorsement precluding coverage for bodily injury to employees, temporary workers, and contractors under form MUS 01 01 20125 0915. The Contractors Injury Exclusion endorsement sets forth the following exclusionary terms:

A. Exclusion **e.** under Paragraph **2. Exclusions of SECTION I – COVERAGES – COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY** deleted and replaced as follows:

 **e.**  **Employees, "Temporary Workers" and Contractors**

  "Bodily injury" to:

  (1) An "employee" arising out of and in the course of:
   (a) Employment by any insured; or
   (b) Performing duties related to the conduct of any insured's business; or

  (2) A "temporary worker" arising out of and in the course of performing duties related to the conduct of any insured's business; or

  (3) A contractor and any persons working for or on its behalf arising out of and in the course of performing work related to the conduct of any insured's business; or

  (4) The spouse, child, parent, brother or sister of such person as a consequence of Paragraphs (1), (2) or (3), above

This exclusion applies whether any insured may be liable as an employer or in any other capacity; and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion applies to liability assumed by any insured under an "insured contract".

13. Defendants Apeel, Allergan, Inc., Los Carneros Business Park, and Meridian tendered their defense of the *Kaufman* action to Mesa as named insured and purported additional insureds under the Mesa policy. Mesa is currently defending Apeel, Allergan, Inc., and Los Carneros Business Park in connection with the *Kaufman* action under full reservation of rights, including the right to

disclaim coverage and withdraw from the defense because the Contractors Injury Exclusion precludes any potential for covered liability in connection with the *Kaufman* action.  In addition, Mesa is currently evaluating the tender from Meridian.  Should Mesa agree to defend Meridian, that defense will likewise be extended under full reservation of rights, including the right to disclaim coverage and withdraw from the defense because of the Contractors Injury Exclusion.

14. An actual controversy has arisen and now exists between Mesa on the one hand, and defendants Apeel, Allergan, Inc., Los Carneros Business Park, Meridian, and Ryan Kaufman, and each of them, on the other hand, concerning the applicability of the Mesa policy.  Mesa contends that it has no duty to defend or indemnify Apeel, Allergan, Inc., Los Carneros Business Park, Meridian, or anyone else in connection with the *Kaufman* action because of the Contractors Injury Exclusion quoted above.  Mesa is informed and believes that the defendants, and each of them, contend or will contend to the contrary.

15. Given the controversy between Mesa and the defendants, Mesa requests that this court make and enter its binding judicial declaration in accordance with Mesa's contentions set forth above.  The requested declaration is both necessary and proper at this time under the circumstances in that the interests of judicial economy and substantial justice will be served thereby.

WHEREFORE, Mesa prays for judgment as follows:
a. That the court make and enter a binding judicial declaration in accordance with Mesa's contentions set forth above;
b. That Mesa be awarded its costs of suit incurred herein; and
c. For such other and further relief as the court deems just and proper.

DEMAND FOR JURY TRIAL

Plaintiff Mesa Underwriters Specialty Insurance Company demands a jury trial as provided by Fed. R. Civ. P. 38(a).

October 23, 2018                    NIELSEN, HALEY & ABBOTT LLP

By:    /s/   Tung Khuu            .
       Tung Khuu
       Attorneys for Plaintiff, Mesa Underwriters Specialty Insurance Company

7
COMPLAINT FOR DECLARATORY JUDGMENT